# EXHIBIT A

# IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

SARAH VAUGHAN, ANTHONY DAVIS and
JENNIFER RIVAS, Individually and on Behalf
Of All Others Similarly Situated,

                       **Plaintiff**

vs.

KUROSHIO, INC. KUROSHIO II, INC.
and KHOA NGUYEN,

                       **Defendant**

CIVIL ACTION

FILE NO. 15·1·3490·56

FILED AND RECORDED
2015 MAY -7 PM 2:11
COBB SUPERIOR COURT CLERK

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT: Kuroshio, Inc.**
    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mitchell D. Benjamin, Esq.
Billips & Benjamin LLP
One Tower Creek, Suite 190
3101 Towercreek Parkway
Atlanta, Georgia   30339

Charles R. Bridgers, Esq.
Kevin D. Fitzpatrick, Jr., Esq.
DeLong, Caldwell, Bridgers & Fitzpatrick LLC
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia   30303

an Answer to the Complaint which is herewith served upon you, within 30 days after the service of this  Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. If discovery request are served with the Complaint, the Discovery Responses are due 45 days following the service of the Complaint.

This _____ day of _____, 2015.

                                 Jay C. Stephenson
                                 Clerk of Superior Court

        By _____
                                   **Deputy Clerk**

To Defendant upon whom this petition is served:
This copy of Complaint and Summons was served upon you _____, 2015.

                          _____ Deputy Sheriff

# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☒ Superior
☐ State

**County** _Cobb_

**Docket #** _15·1· 3490.56_

**Date Filed** _5/7/15_
MM-DD-YYYYY

**Plaintiff(s)**

Vaughan, Sarah
Last       First      Middle I. Suffix Prefix      Maiden

Davis, Anthony
Last       First      Middle I. Suffix Prefix      Maiden

Rivas, Jennifer
Last       First      Middle I. Suffix Prefix      Maiden

Last       First      Middle I. Suffix Prefix      Maiden

**No. Of Plaintiffs** _3_

**Defendant(s)**

Kuroshio, Inc.
Last       First      Middle I. Suffix Prefix      Maiden

Kuroshio II, Inc.
Last       First      Middle I. Suffix Prefix      Maiden

Nguyen, Khoa
Last       First      Middle I. Suffix Prefix      Maiden

Last       First      Middle I. Suffix Prefix      Maiden

**No. Of Defendants** _3_

FILED AND RECORDED
2015 MAY -7 PM 13
COBB SUPERIOR COURT CLERK

**Plaintiff/Petitioner's Attorney**        ☐ Pro Se

Benjamin, Mitchell D.
Last       First      Middle I.      Prefix

049888
Bar #

---

**Check Primary Type (Check only ONE)**

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Demestic Contempt

☐ Tort (If tort, fill in right column)

☒ Other General Civil

Specify _Fair Labor Standards Act ("FLSA")_

---

**If Tort is Case Type**
(Check no more than **Two**)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other

Specify_____

**Are Puntive Damages Pleaded?**

☐ Yes

☐ No

DISCLOSURE STATEMENT
CLERK OF SUPERIOR COURT

FILED AND RECORDED
2015 MAY -7  PM 2: 13

*[signature]*

COBB SUPERIOR COURT CLERK

CASE NUMBER __15.1.3490.56__
                        Assigned by Clerk

Sarah Vaughan, Anthony Davis and Jennifer Rivas,
Individually and On Behalf of All Others Similarly Situated
                        PLAINTIFF

                        VS.

Kuroshio, INC., Kuroshio II, Inc. and Khoa Nguyen
                        DEFENDANT

## TYPE OF ACTION

1. ____ Divorce without Agreement Attached
2. ____ Divorce with Agreement Attached
3. ____ Domestic Relations
4. ____ Damages arising out of Contract
5. ____ Damages arising out of Tort
6. ____ Condemnation
7. ____ Equity
8. ____ Zoning – County Ordinance violations (i.e. Injunctive relief-zoning)
9. ____ Zoning Appeals (denovo)
10. ____ Appeal, Including denovo appeal – excluding Zoning

11. ____ URESA
12. ____ Name Change
13. _x_ Other
14. ____ Recusal

____ Adoption

***FLSA – Fair Labor Standards Act

## PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court? (Whether pending simultaneously or not.)

_X_ NO

____ YES – If yes please fill out the following:
    1. Case # _____
    2. Parties _____ vs. _____
    3. Assigned Judge _____
    4. Is this case still pending? ____ Yes ____ No
    5. Brief description of similarities:

_____

_____

*[signature]*

Attorney
Mitchell D. Benjamin, Esq.
for Plaintiffs

Form #0122
Revised 05/20/02

# IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SARAH VAUGHAN, ANTHONY DAVIS and JENNIFER RIVAS, Individually And On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> KUROSHIO, INC., KUROSHIO II, INC. and KHOA NGUYEN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION FILE NO.

15·1· 3490·56

JURY TRIAL DEMANDED

FILED AND RECORDED
2015 MAY -7 PM 2: 11
COBB SUPERIOR COURT CLERK

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys, and assert their claims against Defendants under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for minimum wage compensation and other relief on the grounds set forth as follows:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as Defendants Kuroshio, Inc. and Kuroshio II, Inc. have their registered agents in Cobb County.

## PARTIES

3.

Plaintiff Sarah Vaughan ("Vaughan") is a former employee of Defendants, having been employed from approximately December, 2013 to February, 2014.

4.

Plaintiff Anthony Davis ("Davis") is a former employee of Defendants, having been employed from approximately July, 2013 to approximately March, 2015.

5.

Plaintiff Jennifer Rivas ("Rivas") is a former employee of Defendants, having been employed from approximately August, 2013 to October, 2014.

6.

Defendant Kuroshio, Inc. (hereinafter "Defendant Kuroshio") is a domestic for profit corporation existing under the laws of the State of Georgia. Defendant Kuroshio may be served with process via service on its Registered Agent, Khoa Nguyen at his business address of 840 Ernest W. Barrett Parkway, Suite 500, Kennesaw, Georgia 30144.

7.

Defendant Kuroshio is subject to the personal jurisdiction of this Court.

8.

Defendant Kuroshio II, Inc. (hereinafter "Defendant Kuroshio II") is a domestic for profit corporation existing under the laws of the State of Georgia. Defendant Kuroshio II may be served with process via service on its Registered Agent, Khoa Nguyen at his businesses address of 840 Ernest W. Barrett Parkway, Suite 500, Kennesaw, Georgia 30144 or 2700 Cobb Parkway, Suite 3B-48, Smyrna, Georgia 30080.

9.

Defendant Kuroshio II is subject to the personal jurisdiction of this Court.

10.

Defendant Khoa Nguyen (hereinafter "Defendant Nguyen") is an owner and the Chief Executive Officer, the Chief Financial Officer and Secretary of both Defendant Kuroshio and Kuroshio II and is a resident of the State of Georgia. Defendant Nguyen may be served with process at his business addresses of 840 Ernest W. Barrett Parkway, Suite 500, Kennesaw, Georgia 30144 or 2700 Cobb Parkway, Suite 3B-48, Smyrna, Georgia 30080.

11.

Defendant Nguyen is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO THE PLAINTIFFS AND THE CLASS THEY REPRESENT

12.

Plaintiffs bring this action on behalf of themselves and all other similarly situated present and former employees of Defendants who consent to the representation, pursuant to 29 U.S.C. § 216(b).

13.

This action is brought by three former employees of Defendants on behalf of all current and former employees who are or were employed by Defendants, for whom Defendants Kuroshio and Kuroshio II claimed the "tip credit allowance" provided by 29 U.S.C. § 2013(m) and were required to share those tips with management and/or employees who do not customarily and regularly receive tips, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (herein referred to as "FLSA").

14.

Plaintiffs and the class they represent were and/or are employees engaged in commerce as servers employed at Defendants Kuroshio and/or Kuroshio II, which do business as "Kuroshio Sushi Bar and Grille" at two locations in Georgia.

15.

Defendant Kuroshio, Inc. owns and operates a restaurant located at 840 Ernest W. Barrett Parkway, Kennesaw, Georgia 30144 and which does business under the name "Kuroshio Sushi Bar & Grille".

16.

Defendant Kuroshio II, Inc. owns and operates a restaurant located at 2700 Cobb Parkway, Smyrna, Georgia 30080 and which does business under the name "Kuroshio Sushi Bar & Grille".

17.

Defendants are primarily engaged in serving food and drink at two (2) restaurants doing business under the name "Kuroshio Sushi Bar & Grille".

18.

The two locations of Kuroshio Sushi Bar & Grille are run as one integrated enterprise with two locations.

19.

Both locations of Kuroshio Sushi Bar & Grille share the same website at www.kuroshiosishi.com.

20.

The website for Kuroshio Sushi Bar & Grille indicates that both locations of Kuroshio Shush Bar & Grille share the same menu, same prices for items on the menu and same hours of operation.

21.

Both locations of Kuroshio Sushi Bar & Grille are owned and managed by Defendant Khoa Nguyen and are under the unified operation and/or common control of Defendants Kuroshio, Kuroshio II and Nguyen and have a common business purpose.

22.

Defendants Kuroshio and Kuroshio II constitute an "enterprise" as defined by 29 U.S.C. § 203(r)(1).

23.

Defendants assign servers to work at either or both locations of Kuroshio Sushi Bar & Grille depending on the staffing needs of the restaurants.

24.

Plaintiff Davis has been assigned to, and did perform work as a server at both locations of Kuroshio Sushi Bar & Grille during his employment with Defendants, sometimes within the same workweek.

- 6 -

25.

Plaintiffs and the class they represents were and/or are employed by an enterprise engaged in commerce, *i.e.,* restaurants which purchase and serve food and drink which have moved in interstate commerce, as defined in 29 U.S.C. § 203(s)(1)(A).

26.

Plaintiffs and the class they represent were and/or are "employee[s]" of Defendants Kuroshio and Kuroshio II as defined in 29 U.S.C. § 203(e)(1).

27.

Upon information and belief, in 2012, Defendant Kuroshio had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

Upon information and belief, in 2013, Defendant Kuroshio had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

Upon information and belief, in 2014, Defendant Kuroshio had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

Upon information and belief, in 2015, Defendant Kuroshio will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

Upon information and belief, in 2012, Defendant Kuroshio II had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

Upon information and belief, in 2013, Defendant Kuroshio II had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

Upon information and belief, in 2014, Defendant Kuroshio II had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.

Upon information and belief, in 2015, Defendant Kuroshio II will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

Upon information and belief, in 2012, Defendant Kuroshio and Kuroshio II had an annual combined gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

Upon information and belief, in 2013, Defendant Kuroshio and Kuroshio II had an annual combined gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

Upon information and belief, in 2014, Defendant Kuroshio and Kuroshio II had an annual combined gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

Upon information and belief, in 2015, Defendant Kuroshio and Kuroshio II will have an annual combined gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

39.

Plaintiffs and the class they represent were individuals engaged in commerce, regularly handled goods (seafood and other food and drink) which moved through interstate commerce, and are subject to individual coverage under the FLSA.

40.

Plaintiffs and each member of the class they represent were each paid $2.25 per hour worked, plus tips, for all hours worked up to forty (40) in any given workweek.

41.

Plaintiffs and each member of the class they represent did not receive a salary.

42.

Plaintiffs and each member of the class they represent were not guaranteed at least $455.00 per week in salary.

43.

Plaintiffs' work period, and that of each member of the class they represents consisted of a seven day calendar week.

44.

The work period for Plaintiffs and of each member of the class they represent began on Sunday and ended on Saturday.

45.

The work done by Plaintiffs and the class they represent, such as taking food and drink orders and serving food and drink to customers were an integral and essential part of Defendants' business as restaurants.

46.

Defendant Kuroshio was and is an "employer" of Plaintiffs and the class they represent as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

47.

Defendant Kuroshio II was and is an "employer" of Plaintiffs and the class they represent as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

48.

Defendant Khoa Nguyen was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) inasmuch as he was acting directly or indirectly in the interest of Defendants Kuroshio and Kuroshio II in his interactions with Plaintiffs and the class they represent, and he controlled the terms and conditions of employment of Plaintiffs and the class they represent on a day to day basis.

49.

Specifically, Defendant Nguyen was and is an owner, and is the Chief Executive Officer, the Chief Financial Officer and Secretary of Defendants Kuroshio and Kuroshio II and was the highest level management person at the business on a day to day basis.

50.

Defendant Nguyen had authority and exercised control over the finances and operations of Defendants Kuroshio and Kuroshio II.

51.

Defendant Nguyen exercised managerial authority and control over the day to day business of Defendants Kuroshio and Kuroshio II including the Plaintiffs, the class they represent and other employees.

52.

Defendant Nguyen exercised the ultimate control over hiring and firing employees, including Plaintiffs and the class they represent.

53.

Defendant Nguyen controlled employee work schedules and the conditions of employment of Plaintiffs and the class they represent.

54.

Defendant Nguyen determined the pay rate and the method of pay for employees.

55.

Defendant Nguyen had authority and control over Defendants Kuroshio and Kuroshio II's common policy of requiring the employees for whom it claimed the "tip credit allowance" and who were paid $2.25 per hour plus tips, including Plaintiffs and the class they represent, to pay a portion of their tips to the "Host" and to "Sushi Chefs" on a daily basis.

56.

Defendants required servers to contribute a portion of each server's tips each shift to pay employees who did not regularly and customarily receive tips, such as cooks, and/or simply retained a portion of the tips for the management of the restaurants.

57.

Cooks work in the back of the restaurants and do not regularly have interaction with the customers of the restaurants.

58.

Defendants retained some portion of the servers' tips each day for a "Host", even when there was no person working as the "Host" or when the person working as the "Host" was a salaried, management employee, such as Marvin Brown.

59.

Defendants retained some portion of the servers' tips each day for management personnel.

60.

Defendants used a portion of the servers' tips, which it retained, to purchase equipment for the restaurants.

61.

The cooks and/or others who received a portion of the tips of the servers were not and are not employees who are engaged in an occupation in which they regularly and customarily receive at least $30.00 in tips per month.

62.

By permitting employees who are not engaged in an occupation in which they customarily and regularly receive tips to receive a portion of the tips paid to servers,

- 14 -

Defendants have violated 29 U.S.C. § 203(m) and are not entitled to take the tip credit allowance provided under the FLSA.

63.

By retaining a portion of the servers' tips for Kuroshio, Inc., Kuroshio II, Inc. and/or management personnel, Defendants have violated 29 U.S.C. § 203(m) and are not entitled to take the tip credit allowance provided under the FLSA.

64.

By using a portion of the tips to purchase equipment for the restaurants, Defendants have violated 29 U.S.C. § 203(m) and are not entitled to take the tip credit allowance provided under the FLSA.

65.

Plaintiffs and the class they represent were not subject to any exemption from the minimum wage pay requirements of the FLSA.

66.

Defendants have failed to meet the requirements for any of the exemptions from application of the minimum wage requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 206 or 213.

67.

Plaintiffs and each member of the class they represent are required to be compensated by Defendants at the full minimum wage rate of $7.25 per hour for each hour worked up to forty in any and every given workweek.

68.

Defendants knew or should have known that the tip credit allowance was improperly applied to Plaintiffs and the class they represent when Defendants required servers to pay a portion of their tips to employees who do not regularly and customarily receive tips and/or to management personnel or to the Kuroshio and Kuroshio II corporations.

69.

Upon information and belief, in requiring servers to pay a portion of their tips to employees who do not regularly and customarily receive tips or to management, while still claiming the tip credit allowance for the servers, Defendants have not relied on any letter ruling from the Department of Labor indicating that such practice was permitted under the FLSA.

70.

Upon information and belief, in requiring servers to pay a portion of their tips to employees who do not regularly and customarily receive tips or to management, while still claiming the tip credit allowance for the servers, Defendants have not

relied on any legal advice indicating that such practice was permitted under the FLSA.

71.

Upon information and belief, in requiring servers to pay a portion of their tips to corporate defendants Kuroshio and Kuroshio II, while still claiming the tip credit allowance for the servers, Defendants have not relied on any legal advice indicating that such practice was permitted under the FLSA.

72.

Defendants did not pay Plaintiffs and the class they represent any wages for hours worked in excess of forty (40) per workweek, thus bringing their wages below $2.13 per hour plus tips in any workweek in which more than forty (40) hours were worked.

73.

Defendants did not pay Plaintiffs and the class they represent any wages for hours worked in excess of forty (40) per workweek, thus bringing their wages below $7.25 per hour in any workweek in which more than forty (40) hours were worked.

74.

Defendants have failed to adequately compensate Plaintiffs and the class they represent at the legally required minimum wage for all work hours up to forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

75.

Defendants are liable to Plaintiffs and to each member of the class they represent for compensation for any and all time worked up to forty (40) hours per week at the minimum wage rate of $7.25 per hour, plus the return of all tips improperly collected from Plaintiffs.

76.

Defendants' conduct constitute willful violations of 29 U.S.C. §§ 206 and 215 of the FLSA, entitling Plaintiffs and the class they represent to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

## CLAIMS FOR RELIEF

## COUNT ONE

### VIOLATION OF 29 U.S.C. §§ 206 AND § 215 ASSERTED BY ALL PLAINTIFFS AND OPT-INS (FAILURETO PAY MINIMUM WAGES UNDER THE FLSA)

77.

Paragraphs 1 through 76 are incorporated herein by this reference.

78.

Defendants' failure to compensate Plaintiffs and the class they represent at the minimum wage rate of $7.25 per hour for time actually worked up to forty (40) hours

- 18 -

per week is a violation of §§ 206 and 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid minimum wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, return of all tips improperly withheld, liquidated damages in an amount equal to the unpaid compensation (including misappropriated tips), declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT TWO

### VIOLATION OF 29 U.S.C. §§ 207 AND § 215 BY ALL PLAINTIFFS AND OPT-INS WHO WORKED MORE THAN FORTY (40) HOURS IN ANY GIVEN WORKWEEK
### (FAILURETO PAY OVERTIME WAGES UNDER THE FLSA)

79.

Paragraphs 1 through 76 are incorporated herein by this reference.

80.

Plaintiffs and the class they represent occasionally worked over forty (40) hours per week for Defendants.

81.

Defendants did not pay Plaintiffs and the class  they represent any wages at all for hours worked in excess of forty (40) in any given workweek.

82.

Defendants were and are legally required to pay Plaintiffs and all other servers for all overtime hours worked at the legal minimum overtime pay rate of $10.875 per hour.

83.

Even if Defendants are legally permitted to avail themselves of the tip credit allowance, which they are not, Defendants were and are required to pay Plaintiffs and the other servers at an hourly overtime premium rate for all overtime hours worked by them.

84.

Defendants have failed and refused to adequately compensate Plaintiffs and the class they represent at the legally required overtime wage for all hours worked over forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

85.

Upon information and belief, by failing to compensate Plaintiffs and the class they represent at any rate of pay for hours worked in excess of forty (40) in any and every given workweek, Defendants have not relied on any letter ruling from the Department of Labor indicating that such practice was permitted under the FLSA.

86.

Upon information and belief, by failing to compensate Plaintiffs and the class they represent at any rate of pay for hours worked in excess of forty (40) in any and every given workweek, Defendants have not relied on any legal advice indicating that such practice was permitted under the FLSA.

87.

Defendants' failure to compensate Plaintiffs and the class they represent at the overtime rate $10.875 per hour for time actually worked over forty (40) hours in any given workweek is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiffs request that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216(b) for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c)     Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(d)     Issue an Order holding Defendants Kuroshio and Kuroshio II to be an "enterprise" as that term is defined in 29 U.S.C. § 203(r)(1);

(e)     Grant a trial by jury as to all matters properly triable to a jury;

(f)     Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(g)     Award each Plaintiff proper payment for each hour worked from April 15, 2012 through the date judgment is entered, calculated at the minimum wage rate of $7.25 per hour less the $2.25 per hour actually paid to Plaintiffs by Defendants,  and liquidated damages equaling 100% of the minimum wages due to each Plaintiff, as required by the FLSA;

(h)     Award each Plaintiff the amount of all tips improperly collected by Defendants from May 5, 2012 through the date judgment is entered , and liquidated damages equaling 100% of the amount of the improperly collected tips;

(i)     Award each member of the class Plaintiffs represent proper payment for each hour worked from three years preceding the date of each class

member's joining of this collective action, calculated at the minimum wage rate of $7.25 per hour less the $2.25 per hour actually paid to that class member by Defendants, and liquidated damages equaling 100% of the minimum wages due to such class member, as required by the FLSA;

(j)  Award each member of the class Plaintiffs represent the amount of all tips improperly collected by Defendants from three years preceding each class member's joining of this collective action, and liquidated damages equaling 100% of the amount of the improperly collected tips;

(k)  Award Plaintiffs overtime pay in the amount of $10.875 per hour for each hour worked in excess of forty (40) in each and every workweek from May 5, 2012 until the date judgment is entered, and liquidated damages equaling 100% of this amount;

(l)  Award each member of the class Plaintiffs represent overtime pay in the amount of $10.875 per hour for each hour worked in excess of forty (40) in each and every workweek from three years preceding the date of each class member's joining of this collective action, and liquidated damages equaling 100% of this amount;

(m)  Award Plaintiffs' and each member of the class they represent, prejudgment interest on all amounts owed;

- 23 -

(n)     Award Plaintiffs and each member of the class they represent, nominal

        damages;

(o)     Award Plaintiffs and each member of the class they represent, their

        reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C.

        § 216(b); and

(p)     Award any and such other further relief this Court deems just, equitable

        and proper.

Respectfully submitted, this 5th day of May, 2015.

                                                    _____
                                                    Mitchell D. Benjamin
                                                    Georgia Bar No. 049888
                                                    benjamin@bandblawyers.com

**BILLIPS & BENJAMIN LLP**
One Tower Creek, Suite 190
3101 Towercreek Parkway
Atlanta, Georgia 30309
(770) 859-0751     Telephone
(770) 859-0752     Facsimile

                                                    _____
                                                    Charles R. Bridgers
                                                    Georgia Bar No. 080791
                                                    charlesbridgers@dcbflegal.com
                                                    Kevin D. Fitzpatrick, Jr.
                                                    Georgia Bar No. 262375
                                                    kevin.fitzpatrick@dcbflegal.com

**DELONG, CALDWELL, BRIDGERS**
    **& FITZPATRICK LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile                            ATTORNEYS FOR PLAINTIFFS

FILED AND RECORDED

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

2015 MAY -7 PM 2: 13

CIVIL DIVISION SUPERIOR COURT CLERK

15·1· 3490 56

SARAH VAUGHAN, ANTHONY DAVIS )
and JENNIFER RIVAS, )
Individually And On Behalf of All Others )
Similarly Situated, )
)
Plaintiffs, )
)
vs. )
)                JURY TRIAL DEMANDED
KUROSHIO, INC., KUROSHIO II, INC. )
and KHOA NGUYEN, )
)
Defendants. )
_____ )

## CONSENT TO SERVE AS A PLAINTIFF REPRESENTATIVE UNDER THE
## FAIR LABOR STANDARDS ACT (29 U.S.C. §201, ET SEQ.)

I, _Sarah K. Vaughan_ a current or former employee of Kuroshio, Inc. consent to

serve as a Plaintiff and Class Representative in the above-referenced action and to represent the

interests of the class members with respect to all cognizable claims for minimum wage and

overtime compensation and any other benefits available under the Fair Labor Standards Act and

other applicable laws, in accordance with the Fee Agreement executed by the undersigned for such

purpose.

This _23_ day of _April_, 2015.

_Sarah K Vaughan_
Signature

FILED AND RECORDED
2015 MAY -7 PM 2: 13

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

*[signature]*
COBB SUPERIOR COURT CLERK

SARAH VAUGHAN, ANTHONY DAVIS          )
and JENNIFER RIVAS,                            )
                                               )     CIVIL ACTION FILE
Individually And On Behalf of All Others       )     NO.
Similarly Situated,                            )     15·1·3490·56
                                               )
                                               )
              Plaintiffs,                      )
                                               )
          *vs.*                                )
                                               )     JURY TRIAL DEMANDED
                                               )
KUROSHIO, INC., KUROSHIO II, INC.              )
and KHOA NGUYEN,                               )
                                               )
              Defendants.                      )
                                               )
_____  _____          )

**CONSENT TO SERVE AS A PLAINTIFF REPRESENTATIVE UNDER THE**
**FAIR LABOR STANDARDS ACT (29 U.S.C. §201, ET SEQ.)**

I, Anthony T Davis, a current or former employee of Kuroshio, Inc. consent to serve as a Plaintiff and Class Representative in the above-referenced action and to represent the interests of the class members with respect to all cognizable claims for minimum wage and overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with the Fee Agreement executed by the undersigned for such purpose.

This 28 day of April, 2015.

_____

                                   Signature

FILED AND RECORDED
2015 MAY -7 PM 2: 14

*[signature]*

COBB SUPERIOR COURT CLERK

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

SARAH VAUGHAN, ANTHONY DAVIS )
and JENNIFER RIVAS, )
Individually And On Behalf of All Others )
Similarly Situated, )
)
Plaintiffs, )
)
vs. )
)
KUROSHIO, INC., KUROSHIO II, INC. )
and KHOA NGUYEN, )
)
Defendants. )

CIVIL ACTION FILE NO.

15. 1. 3490.56

JURY TRIAL DEMANDED

## CONSENT TO SERVE AS A PLAINTIFF REPRESENTATIVE UNDER THE
## FAIR LABOR STANDARDS ACT (29 U.S.C. §201, ET SEQ.)

I, _Jennifer Rivas_, a current or former employee of Kuroshio, Inc. consent to serve as a Plaintiff and Class Representative in the above-referenced action and to represent the interests of the class members with respect to all cognizable claims for minimum wage and overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with the Fee Agreement executed by the undersigned for such purpose.

This 26th day of April, 2015.

_____
Signature

25